IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 3:97-CR-054-D(01) |
| | ) | |
| LEVI WOODERTS, JR., BOP #29639-077, | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 26, 2007 Defendant Levi Wooderts' motion to reduce restitution obligation, filed on July 13, 2006, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Wooderts seeks to reduce his monthly restitution obligation due to a change in economic circumstances under 18 U.S.C. § 3644(k). On July 19, 2006, the court held his motion in abeyance pending compliance with § 3644(k), which enables a court to modify a restitution order to reflect a *bona fide* change in the defendant's financial condition, either positive or negative. In his notice, filed on July 26, 2006, Defendant advised the court that he had given the requisite notice to the U.S. Attorney General by mailing a copy of his motion and supporting response, to the U.S. Attorney for the Northern District. The government in turn filed a response to the motion to reduce restitution obligation, and Defendant filed a reply.[1]

---

[1] Defendant previously filed a habeas corpus petition challenging the manner in which the Bureau of Prisons (BOP) administers the Inmate Financial Responsibility Program (IFRP) and collects court-ordered restitution. The court denied relief and Defendant did not appeal. *See*

After setting a restitution payment schedule, a defendant may notify the court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The district court may then adjust the restitution payment schedules based on this information "as the interests of justice require." *Id.* The payment schedule will only be altered, however, if there is a "bona fide change in the defendant's financial condition" that affects his ability to pay restitution. *Cani v. United States,* 331 F.3d 1210, 1215 (11th Cir. 2003). The petitioner bears the burden of proving that his circumstances have changed enough to warrant such a modification. *United States v. Hill,* 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (unpublished per curiam).

At the last program review, Wooderts' IFRP payment was increased from $70 to $90 per month effective in July 2007. (Gov't Appx. at Exh. N). In his pending motion, Wooderts asks the court to modify the restitution amount pursuant to section 3664(k) for three reasons: (1) he earns only $16 per month from his prison job, (2) his family and friends should not be obliged to supply the remaining balance of his monthly IFRP payments so that he will not be punished by the BOP, and (3) his common law wife cannot keep on sending him money because she supports their 16 year old son.

Wooderts has provided no authority, nor has the court found any, for the proposition that the sentencing court can limit application of the IFRP under § 3664(k). Even assuming, such a claim can be brought, Wooderts has not presented a *bona fide* "material change in his economic circumstances" to justify relief under § 3664(k). The thrust of his argument is that the BOP calculates his IFRP payment on the basis of funds received from family and friends – i.e., non-institutional resources. He claims that reliance on non-institutional resources is wrong since his

---

*Wooderts v. Joslin*, 3:04cv2253-D (N.D. Tex. Jun. 9, 2006).

family and friends might not be able to continue sending him money.

According to standard procedures, an inmate's restitution amount is calculated with reference to the *total amount* of deposits made to the inmate's trust fund for the previous six months (which includes institutional and non-institutional resources), minus the IFRP payments made by the inmate during the preceding six months, and minus $450 for the previous six months for the inmate telephone system ("ITS").  Any remaining sum is divided by six and, may be considered for IFRP, and used to adjust an inmate's payment.  Therefore, Wooderts' contention that the BOP improperly considers non-institutional funds in determining his IFRP payments lacks any merit.

Next Wooderts claims that he *must* spend $70.00 per month to buy food from the FCI Seagoville commissary.  Since Wooderts receives free meals at his institution of confinement, any commissary purchase is completely discretionary and does not constitute a material change in his economic circumstances.[2]  Likewise his contention that his family and friends might not be able in the future to send enough money to cover his monthly discretionary spending and IFRP payments does not support a material change in his economic circumstances.  It appears that Wooderts wishes to continue with his discretionary spending habits, which have amounted to over $6,000 since he was first incarcerated, and which have required over $8,000 of non-institutional resources, without suffering the consequences of a higher IFRP monthly payment. (Gov't Appx. at Exh. K).

Other courts have found that discretionary prison spending, made possible only because of non-institutional funds, does not justify a lower IFRP payment because of a material change in

---

[2] It is noteworthy that Wooderts does not explain why he *must* spend $70 per month on commissary food items.

economic circumstances. *See United States v. Staples*, 2007 WL 1121346, *1-2 (E.D. Wis. 2007) (finding no material change in economic circumstances under § 3664(k) since inmate had received over $1,500 in non-institutional funds during previous six months, even though he was presently unable to work due to his upcoming degenerative hip disease surgery); *United States v. Thompson*, 2007 WL 1061909, *1 (E.D. Wis. 2007) (finding no material change in economic circumstance under § 3664(k) since inmate received average monthly deposits of $155 during the previous six months from non-institutional resources, even though he was medically unassigned); *United States v. Billings*, 2007 WL 1893928, *1 (D. Kan. 2007) (finding no material change in economic circumstances under § 3664(k) since inmate had received over $2,000 in non-institutional funds during previous six months which were used for discretionary spending except for $148 in restitution payments). *See also United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (motion disclosed no *immediate* change in economic circumstances; inmate's HIV treatments would be paid by the government while he was incarcerated, leaving the funds available to him in prison unaffected); *United States v. Balter*, 164 Fed. Appx. 211, 213 (3d Cir. 2005) (unpublished) (inability to perform prison work due to serious medical conditions, including macular degeneration in both eyes and recent heart surgery, did not constitute material change in economic circumstances since he had only paid a total of $500 in restitution in the ten years he had been incarcerated).

The court further notes that participation in the Inmate Financial Responsibility Program is voluntary, but an inmate who chooses to participate is subject to the program's requirements, including the obligation to make satisfactory progress in meeting his financial responsibility plan. *See* 28 C.F.R. § 545.11.

In light of the above, the district court should exercise its discretion to deny Wooderts'

motion under § 3664(k).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motion to reduce restitution payment under 18 U.S.C. § 3664 (#607) be DENIED.

A copy of this recommendation will be transmitted to Defendant Wooderts and to counsel for the government.

Signed this 20th day of December, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.